UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4272**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LOUIE GEORGE SINCLAIR, a/k/a Vincent Metallo,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr.,
Chief District Judge.  (1:07-cr-00083-JAB-1)

Submitted:  August 18, 2008      Decided:  September 17, 2008

          Amended Opinion Filed:  March 8, 2011

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Anna Mills Wagoner, United States Attorney,
Harry L. Hobgood, Angela Hewlett Miller, Assistant United States
Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louie George Sinclair pled guilty to wire fraud, 18 U.S.C. § 1343 (2000), and was sentenced to eighteen months in prison. Sinclair appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for review. Sinclair has filed a pro se supplemental brief raising additional issues. We affirm.[*]

I

Sinclair asserts that the district court erred when it used the 2001 version of the U.S. Sentencing Guidelines Manual (USSG) in calculating his advisory Guidelines range. We disagree. We note first that, although Sinclair's sentencing hearing took place in February 2008, the district court properly did not use the version of the Guidelines then in effect because, under Fourth Circuit precedent, see, e.g., United States v. Iskander, 407 F.3d 232, 242 & n.8 (4th Cir. 2005), to do so would have resulted in a violation of the Ex Post Facto Clause. The court was obligated to use the Guidelines in effect

---

[*] This opinion is issued following recall of the mandate previously issued.

2

when Sinclair committed the offense. See USSG § 1B1.11(a), (b)(1), p.s. (2007).

We have stated that wire fraud is not an ongoing offense; instead, it "occur[s] on [a] specific, identifiable occasion[]." United States v. Bakker, 925 F.2d 728, 739 (4th Cir. 1991). Wire fraud "is complete when a transmission is made to further the overall scheme to defraud." United States v. Tulaner, 512 F.3d 576, 579 (9th Cir. 2008); United States v. Carrington, 96 F.3d 1, 7 (1st Cir. 1996). Sinclair committed wire fraud in March 2002, when the transmission in question took place. Accordingly, the district court correctly used the 2001 version of the Guidelines in calculating his advisory Guidelines range, and his base offense level was correctly determined to be 6, see USSG § 2B1.1(a). Further, there was no error in the two-level enhancement for unauthorized use of a means of identification under USSG § 2B1.1(b)(9)(C)(i).

II

Sinclair contends that the district court erred when it enhanced his offense level by two levels under USSG § 3B1.3 for abuse of a position of trust. The record reflects that Sinclair represented to his victim, Beverly Dube, that he was a financial planner and tax preparer and that, in reliance on this representation, Dube permitted Sinclair to prepare and file her

3

tax returns for several years, claiming a sizable refund each time. Dube did not know that the returns contained materially false information and claimed refunds to which she was not entitled. Sinclair directed the IRS to wire each refund to a joint account that he had persuaded Dube to open with him. He gave Dube bogus copies of the returns, which showed that she was not due refunds, but instead owed tax.

The adjustment applies "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." USSG § 3B1.3. A position of "[p]ublic or private trust" means a position "characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference)." USSG § 3B1.3, cmt. n.1. Whether the defendant held a position of trust must be approached from the perspective of the victim. United States v. Godwin, 272 F.3d 659, 671 (4th Cir. 2001). We review de novo the district court's legal interpretation of what constitutes a position of trust and review related factual findings for clear error. United States v. Ebersole, 411 F.3d 517, 535-36 (4th Cir. 2005).

Here, Sinclair represented to Dube that he was a financial planner and that he prepared tax returns for a living. Dube relied on these representations, allowing Sinclair to

4

prepare and file her tax returns. Sinclair's representations significantly facilitated the commission of the instant offense, and the enhancement was proper.

### III

Sinclair contends that the district court erred when it refused to depart for a variety of reasons, including his criminal history's over-representing his criminal record, his having voluntarily surrendered, his compulsive gambling disorder, and his being an alien. This court lacks "the authority to review a sentencing court's denial of a downward departure unless the court failed to understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Because the district court at sentencing recognized that it had the discretion to depart, but elected not to exercise that discretion, its decision not to depart is not reviewable on appeal.

### IV

Sinclair raises a variety of claims in the pro se brief. Because the issues are raised for the first time on appeal, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Martinez, 277 F.3d 517, 525 (4th Cir.

5

2002).  We conclude that Sinclair has not established plain error with respect to any of these claims.

V

In accordance with <u>Anders</u>, we have thoroughly reviewed the record for any meritorious issues and have found none.  We therefore affirm.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6